# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BOBBIE CAMPBELL,

     Plaintiff,

         v.

WAL-MART STORES EAST, LP,

     Defendant.

CV 219-005

## ORDER

During a recent motion hearing, the Court raised with the parties the issue of subject matter jurisdiction and the possibility of remanding this case to state court.  The parties were ordered to submit their respective positions regarding remand to the Court, and they have now done so.

Before the Court is the parties' Joint Statement Regarding Jurisdiction.  Dkt. No. 89.  Therein, the parties inform the Court that they have stipulated to the total damages sought in this case, inclusive of all special damages, general damages, punitive damages, fees and costs, in an amount at or less than $75,000.00.  The parties further stipulate that Plaintiff will not seek to enforce a jury verdict in excess of $75,000.00 against Defendant.  Finally, the parties stipulate that the

amount in controversy does not meet the Court's jurisdictional requirement, and they agree this case should be remanded.

## LEGAL AUTHORITY

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "[U]ncertainties" about federal court jurisdiction "are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983) (quoting Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).

## DISCUSSION

This case was removed to federal court on the basis of diversity jurisdiction, i.e. diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332. Here, Plaintiff's complaint requests "general damages in the sum of $50,000.00." Dkt. No. 1-2. While it is certainly conceivable that Plaintiff would seek additional damages to "exceed[] the sum or value of $75,000.00," § 1332(a), it is equally conceivable that she would not. Here, Plaintiff's stipulation to seek $75,000.00 or less in total damages from Defendant sheds light on the actual amount in controversy in Plaintiff's complaint and at the time of

removal.   At any rate, the Court finds the complaint ambiguous at best as to whether the amount in controversy jurisdictional requirement is met.   Because uncertainties about subject matter jurisdiction must be resolved in favor of remand, the Court is compelled to remand this case.

**CONCLUSION**

Due to lack of subject matter jurisdiction, this case is **REMANDED** to Camden County Superior Court.


**SO ORDERED**, this __2__ day of March, 2020.

 

 

 

 

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA